UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

-------------------------------------------------------------------------x

Stephanie Cobb,

         Plaintiff,

-against-

City of Memphis Light, Gas & Water Division, Inc.,

         Defendant(s).

-------------------------------------------------------------------------x

**C.A. No.:** 2:23-cv-2132

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff Stephanie Cobb ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant City of Memphis Light, Gas & Water Division, Inc. ("City of Memphis Light, Gas & Water Division, Inc." or "MLGW" or "Defendant") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### PRIOR ACTION

1. This action was originally filed in the Northern District of Georgia with case number 1:22-cv-03195-WMR on August 11, 2022.

2. On March 9, 2023, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction was granted.

3. This matter originally arises from a utility services bill associated with a property in Shelby County, Tennessee.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here and Defendant transacts business here.

6. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

7. Plaintiff is a resident of the State of Georgia, County of Fulton.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

9. City of Memphis Light, Gas & Water Division, Inc. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, located at 220 S Main St, Memphis, TN 38103.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

11. As of October 2020, Plaintiff has records demonstrating that her Equifax credit score was 824.

12. Suddenly, in March 2021, Plaintiff was notified by Credit Karma that her credit score dropped to 789 due to Equifax reporting a collection account for Memphis Light Gas and Water.

13. Plaintiff does not owe any debt to Memphis Light Gas and Water.

14. At no time did Plaintiff have any late payments to Memphis Light Gas and Water.

15. Plaintiff had a utility account with Memphis Light Gas and Water for a commercial property, located at 502 S. Main St., Memphis, TN from May 2017 through June 2019.

16. The utility account was paid in full and closed when Plaintiff sold the property in June 2019.

17. After reviewing her credit report and finding that MLGW was reporting a balance, Plaintiff immediately paid the alleged outstanding balance, despite the fact that she did not owe any debt to MLGW in order to have the collections account removed from her credit report.

18. Plaintiff was told that MLGW sent a bill to an address where Plaintiff does not reside in November 2020 for an outstanding utility bill.

19. Plaintiff never received a letter with a request for payment subsequent to her sale of the property in June 2019.

20. Although Plaintiff requested proof that MLGW sent such a bill in November 2020, MLGW has yet to send any proof to Plaintiff to date.

21. The collections account was not removed after Plaintiff made payment in full.

22. Instead, a second collection account was added to Plaintiff's credit report for the same MLGW account in about June 2021.

23. The second account had a further negative impact on Plaintiff's credit score, bringing her Equifax score down to 687.

24. Plaintiff's credit score dropped a total of 137 points due to the erroneous collection account reporting on her Equifax report.

<u>City of Memphis Light, Gas & Water Division, Inc. Dispute and Violation</u>

25. Upon information and belief, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her City of Memphis Light, Gas & Water Division, Inc. account number 627080106 ("Account").

26. The inaccurate information furnished by City of Memphis Light, Gas & Water Division, Inc. and published by Equifax is inaccurate since the Account is listed as a collections account, when in fact it was never Plaintiff's obligation.

27. Regardless, Plaintiff paid the Account in full satisfaction of the debt immediately upon finding out of its existence.

28. Equifax lists the subject account with an account balance of $131 and a current payment status of "In Collections."

29. As Plaintiff paid the balance in full, it is inaccurate to report a positive balance in any amount.

30. As there is no current obligation to MLGW, it is inaccurate to report the account as currently in collections.

31. As there was never an obligation to MLGW, it is inaccurate to list any reference to the Account on Plaintiff's credit report.

32. Plaintiff disputed the Account with Equifax on at least four occasions.

33. Plaintiff first disputed the Account with Equifax on June 22, 2021.

34. Plaintiff then disputed the Account with Equifax on September 19, 2021.

35. Plaintiff then disputed the Account with Equifax on December 9, 2021.

36. Most recently, on May 14, 2022, Plaintiff sent an extensive dispute to Equifax.

37. Plaintiff's dispute spanned 26 pages, whereby she explained the entire chronology of events, each of which was supported by documents she included in the dispute.

38. Plaintiff included the settlement statement and deed on the 502 S. Main St. property to demonstrate the date of sale and her lack of ownership of the property during the subject utility bill timeframe.

39. Plaintiff included proof that her relationship with MLGW was inactive for the 502 S. Main St. property.

40. Plaintiff included her correspondence with MLGW, including their acknowledgment that the Account should be removed from Plaintiff's credit report and their confirmation that they requested tradeline deletion of the Account with Equifax.

41. Plaintiff included documentation of her prior disputes with Equifax.

42. Equifax sent Plaintiff a response that the Account was "verified."

43. After being denied by Equifax, Plaintiff reached out to MLGW directly to correct the inaccurate reporting.

44. MLGW acknowledged by email that the Account should not be reporting on Plaintiff's credit report.

45. MLGW stated that they sought deletion of the Account from Equifax.

46. One of the two references to the Account was eventually corrected and the other remained on Plaintiff's credit report.

47. Plaintiff went back and forth, repeatedly disputing with MLGW and with Equifax to no avail.

48. Plaintiff spent a great deal of her time trying to fix this issue with the furnisher and Equifax prior to bringing litigation.

49. Plaintiff dealt with great frustration over the course of many months trying to resolve her credit dispute on her own.

50. Defendant relentlessly continued to report the Account on Plaintiff's credit reports.

51. Defendant's reporting significantly lowered Plaintiff's credit score.

52. Defendant's reporting was defamatory in nature.

53. It is defamation to report Plaintiff as "In Collections" when she does not in fact have any outstanding amount due to any party.

54. Plaintiff never had an outstanding balance with MLGW.

55. Throughout the course of their relationship, Plaintiff always made timely payments.

56. In fact, Plaintiff always makes timely payments with each of her creditors, as clearly indicated by her perfect payment history across all other accounts on her credit report.

57. As there are hard and soft inquiries on Plaintiff's credit report, it is clear that potential creditors were notified of Plaintiff's collection account.

58. This erroneous collection account has caused Plaintiff to be denied credit and offered new credit lines at less desirable rates.

59. This inaccurate information is the only derogatory information on Plaintiff's credit report and has negatively affected her credit score.

60. It is believed and therefore averred that Equifax notified City of Memphis Light, Gas & Water Division, Inc. of the Plaintiff's disputes.

61. MLGW was additionally on notice of Plaintiff's disputes as she contacted them directly on multiple occasions.

62. Upon receipt of the disputes of the account from the Plaintiff by Equifax, City of Memphis Light, Gas & Water Division, Inc. failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

63. Had City of Memphis Light, Gas & Water Division, Inc. done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to City of Memphis Light, Gas & Water Division, Inc. that the Account should never have appeared on Plaintiff's credit report.

64. Notwithstanding Plaintiff's efforts, Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

65. As a result of Defendant's failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
**(Willful Violation of the FCRA as to City of Memphis Light, Gas & Water Division, Inc.)**

66. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

68. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when

consumers dispute the accuracy and completeness of information contained in a consumer credit report.

69. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

70. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

71. City of Memphis Light, Gas & Water Division, Inc. violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

72. As a result of the conduct, action and inaction of City of Memphis Light, Gas & Water Division, Inc., Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future

applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

73. The conduct, action and inaction of City of Memphis Light, Gas & Water Division, Inc. was willful, rendering City of Memphis Light, Gas & Water Division, Inc. liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

74. The Plaintiff is entitled to recover reasonable costs and attorney's fees from City of Memphis Light, Gas & Water Division, Inc. in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Stephanie Cobb, an individual demands judgement in her favor against City of Memphis Light, Gas & Water Division, Inc. in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to City of Memphis Light, Gas & Water Division, Inc.)**

75. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

76. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

77. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

78. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

79. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

80. City of Memphis Light, Gas & Water Division, Inc. is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

81. After receiving the Dispute Notice from Equifax, City of Memphis Light, Gas & Water Division, Inc. negligently failed to conduct its reinvestigation in good faith.

82. A reasonable investigation would require a furnisher such as City of Memphis Light, Gas & Water Division, Inc. to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

83. The conduct, action and inaction of City of Memphis Light, Gas & Water Division, Inc. was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

84. As a result of the conduct, action and inaction of City of Memphis Light, Gas & Water Division, Inc., Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

85. The Plaintiff is entitled to recover reasonable costs and attorney's fees from City of Memphis Light, Gas & Water Division, Inc. in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Stephanie Cobb, an individual, demands judgement in her favor against City of Memphis Light, Gas & Water Division, Inc. for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

**DEMAND FOR TRIAL BY JURY**

86. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: March 14, 2023

Respectfully Submitted,

*/s/ Tamir Saland*
Tamir Saland, Esq.
STEIN SAKS, PLLC
One University Plaza, Ste. 620
Hackensack, NJ 07601
(201) 282-6500 ext. 122
(201) 282-6501  Fax

        tsaland@steinsakslegal.com
        *Pro Hac Vice Pending*


        */s/ Yaakov Saks*
        Yaakov Saks, Esq.
        STEIN SAKS, PLLC
        One University Plaza, Ste. 620
        Hackensack, NJ 07601
        (201) 282-6500 ext. 101
        (201) 282-6501  Fax
        ysaks@steinsakslegal.com


        *Attorneys for Plaintiff*